UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSE LUIS SUAREZ ROJAS,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT BONNER et al.,<br><br>    Respondents. | Case No. 5:26-cv-02943-SB-MB<br><br><br>ORDER DENYING PETITION<br>FOR A WRIT OF HABEAS<br>CORPUS |

Petitioner Jose Luis Suarez Rojas is a citizen of Colombia who entered the United States in 2022.  On February 10, 2026, an immigration judge ordered him removed to Colombia, and his appeal of that order remains pending before the Board of Immigration Appeals (BIA).  Dkt. No. 1 at 2.  In a prior habeas petition, the Court ordered that Petitioner be afforded a bond hearing.  *See Suarez Rojas v. Bonner*, No. 5:26-cv-00705-SB-MBK (C.D. Cal.).  The immigration judge denied bond, finding that Petitioner posed a flight risk, and Petitioner's request for redetermination was subsequently denied.  Dkt. Nos. 10-1–2.

On May 29, 2026, appearing pro se, Petitioner filed this petition for a writ of habeas corpus and an application for a temporary restraining order (TRO), seeking a bond hearing and a stay of removal pending resolution of his BIA appeal.  The government opposed.  Dkt. No. 10.  The Court denied the TRO application and ordered Petitioner to file a reply, cautioning that failure to timely reply would result in the petition being submitted on the existing record.  Dkt. No. 11.  Petitioner did not file a reply.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law.  28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or the laws or treaties of the United States").

1

For the reasons set forth in the Court's order denying the TRO application, Petitioner has not shown that he is entitled to habeas relief.  In requesting an additional bond hearing, Petitioner does not address the bond hearing he received on March 2 or identify any statutory or constitutional right to an additional bond hearing.  Dkt. No. 10-1; *see Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (concluding that § 1226(a) does not give detained noncitizens the statutory right to periodic bond hearings).  His argument that his continued detention without an additional bond hearing violates his Fifth Amendment due process rights therefore fails.  To the extent Petitioner seeks to enjoin his removal, he identifies no legal or factual basis for such relief.  In any event, because his appeal remains pending before the BIA, he has not shown that removal is imminent.

Accordingly, Petitioner's petition for a writ of habeas corpus is denied. Judgment shall be entered separately.

Date: July 8, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

2